Delaware and Hudson Canal Company vs. Dubois.

Delaware and Hudson Canal Company vs. Dubois.

Judgment of the supreme court in this case as reported in 12 *Wendell*, 344, *affirmed*. The Chancellor, in the prevailing opinion delivered by him, places the affirmance upon the ground, that by a previous decision of the supreme court, acquiesced in by the defendants below, the *original contract* entered into by these parties must be considered as *rescinded*, and that therefore the plaintiff below is not limited in his claims to the compensation specified in the contract, but entitled to recover for the work done by him under a *quantum meruit*. It seems, that but for considering the contract *rescinded*, the Chancellor would have held that the plaintiff was not entitled to recover for *hard pan*, a price greater than that fixed by the contract for excavation generally, and that the estimate of the engineer, as to the amount the plaintiff was entitled to recover would have been conclusive.

The Chancellor concurred in the opinion of the supreme court, that the *bill of particulars* in this case was sufficiently broad to cover the whole amount claimed; and that it was too late for the defendants, on the summing up of the testimony, to object that the evidence of the plaintiff was inadmissible, under the bill delivered.

See the opinion of Senator Tracy, dissenting *in toto*.

Error from the supreme court. Dubois obtained a judgment against the Delaware and Hudson Canal Company, upon which the defendants below sued out a writ of error, removing the record into this court. See case and opinion delivered in the supreme court, 12 *Wendell*, 344, *et seq.*

The cause was argued in this court by

*T. M'Kissock & S. A. Foot*, for the plaintiffs in error.

*H. M. Romeyn & S. Stevens*, for the defendant in error.

The following opinions were delivered :—

By the Chancellor. This case comes before us upon a writ of error to the supreme court, to review its decision upon a report of referees, incorporated in the record in the form of a case or special report. It appears from this record of the judgment of the supreme court, that the parties went down to trial at the circuit, where a stipulation was entered into by

ALBANY,
Dec. 1835.

Delaware and
Hudson Canal
Company
v.
Dubois.

them to submit certain preliminary questions as to the right of the plaintiff to recover on the common counts, &c. to the decision of the supreme court ; and they agreed that the cause should be submitted to referees, appointed by rule of court, to take the account between the parties in respect to certain labor done by the plaintiff on the Delaware and Hudson canal, in conformity to the decision of the court upon such preliminary questions. The supreme court having decided those questions before the reference was proceeded in, and neither of the parties having availed themselves of the right, reserved by the stipulation, of placing the questions on the record in the form of a bill of exceptions or special verdict, for the purpose of having them reviewed by this court, the decision of the supreme court upon those preliminary questions must now be considered, by the agreement and understanding of the parties, as the law of this case.

The substance of that decision, so far as I can understand it from the reported decisions of Mr. Justice Marcy, 4 *Wendell*, 288, is, that the special agreement under which Dubois commenced his work upon the canal, was rescinded by the acts, or rather by the omission of the agents of the canal company, so as to authorize the plaintiff to recover compensation for his services under the common counts, upon a *quantum meruit ;* but that in ascertaining the amount which the plaintiff was justly entitled to for his services, the prices fixed upon by the parties themselves, in the rescinded contract, ought to be resorted to, and should conclude' the parties, so far as the work had been done in the manner and within the time specified in the contract, and as contemplated by the parties at the time of entering into such special agreement. And where the work was different from that originally contemplated by the parties, or was done at a later period and under circumstances more unfavorable to the plaintiff than was thus contemplated, he was entitled to recover an extra allowance therefor ; in other words, that the terms of the contract were not binding upon the plaintiff, except so far that the prices fixed upon the labor by the parties themselves, were to be considered as the real value of those parts of the work which were done at the time and in the manner originally contemplated by the parties.

Under this decision of the supreme court, which must now be considered the settled law for the regulation of the proceedings before the referees, if I could be fully satisfied that the parties at the time of their original agreement, contemplated the existence of hard pan excavation on this section of the canal, and the plaintiff understood that he was to excavate the hard pan at the rate of nine cents, as fixed upon for common excavation, without receiving any allowance beyond that as extra work, I should think myself bound to vote for a reversal of the judgment of the supreme court, on the ground that the referees had allowed too much. But if the existence of hard pan excavation was not contemplated by the parties at the time of making their contract, then the price fixed upon by that agreement for common excavation is no evidence of what the plaintiff is justly entitled to recover for that part of his services or labor; although the terms of the agreement were broad enough to embrace that kind of excavation, and no provision was made for the payment of any thing beyond the nine cents. The contract being rescinded by the agents of the company, the plaintiff is not bound by the strict letter thereof; and the price fixed by him as the value of common excavation is no evidence of the value of a different kind of work, which he never supposed he was to perform at that price. In fact, both parties appear to have treated the hard pan excavation as extra work from the beginning; and the engineer allowed an extra compensation therefor. This extra compensation the plaintiff has always insisted was not enough; and the referees, upon the evidence before them, have decided that such extra allowance was not sufficient to compensate the plaintiff for his services in this respect.

It is insisted however, by the counsel for the canal company, that by the written contract between the parties, the engineer was to determine the value of all extra work, and that his decision therefore, as to the value of the hard pan excavation, was conclusive upon the plaintiff. The terms of the contract, as to the powers of the engineer not only to estimate the number of yards of excavation and of embankment, and the value of extra work caused by an alteration of the line of

ALBANY,
Dec. 1835.

Delaware and
Hudson Canal
Company
v.
Dubois.

ALBANY,
Dec. 1835.

Delaware and
Hudson Canal
Company
v.
Dubois.

the canal, but also to *determine every other question necessary for the adjustment and final settlement of the contract*, are certainly very broad; and as the hard pan excavation was probably a part of the work which the plaintiff was bound to perform under his contract, although no price was fixed upon by the parties for that kind of labor, I am inclined to think the decision of the engineer would have been conclusive upon the plaintiff, under this clause of the agreement, had the contract not been rescinded by the company, and he had been compelled to bring his suit upon the special agreement. The value of the hard pan excavation would, in that case, have been one of the questions necessary to be determined before the contract could be finally adjusted and settled. If so, the decision of the engineer upon that question would be final and conclusive, by the express stipulation of the parties, unless it could be shown that he had acted in bad faith. The agreement, however, has been rescinded and is no longer binding upon the plaintiff, except so far as the prices he has himself fixed upon as the value of his labor, is evidence against him upon a *quantum meruit*, and conclusive under the decision of the supreme court upon the preliminary questions. It is very evident that Dubois never intended to agree that an engineer, to be selected by the canal company, should have the exclusive power of determining what any particular part of his labor was worth, if the company should think proper to rescind their contract without any fault on his part. The decision of the engineer as to the value of the hard pan excavation was therefore no evidence of its real value upon a *quantum meruit*; especially when it is taken into consideration that the plaintiff protested against the reasonableness of the allowance at the time when that decision was made. The question being an open one before the referees, to be determined by them as a matter of fact upon the evidence adduced by the respective parties, this court has no authority, upon a writ of error, to inquire into the correctness of their decision; although the supreme court had a right to set aside the report, if it was clearly against the weight of evidence, the application to that court being in the nature of a motion for a new trial on the facts of the case, as well as to review the decisions of the referees upon questions of law.

It only remains for me to consider whether the plaintiff was precluded, by his bill of particulars, from obtaining the full value of his labor, as proved by the testimony of his witnesses before the referees.   A bill of particulars is a part of the pleadings, and is not evidence against the party from whom it has been demanded and obtained; and where the same debt or duty is claimed under two distinct items of the bill, it is like two distinct counts in the declaration, where the plaintiff is permitted to recover under either count to which his evidence is applicable.   If any of the items in a bill of particulars is so general as not to apprise the adverse party of the nature and extent of the claim intended to be set up at the trial, the proper course is to apply for an amended or more particular specification of the claim intended to be brought forward under the general charge.  2 *Chitty's Archbold,* 776.   Here are several items in this bill of particulars under which the plaintiff was authorized to recover for his labor in making the hard pan excavation.   The first is a charge of $3600, for 12,000 yards of hard pan excavation ;  then another charge of $3600 for other hard pan excavation, without specifying the number of yards ; and finally two items amounting to $20,000, for 15,000 days' labor on the Delaware and Hudson canal, by himself and servants and with teams and carriages.   These charges, and even the two first, were certainly broad enough to include the whole of the hard pan excavation, at the price which it was proved to be worth ;  besides, no objection was made to the introduction of evidence as to the real value of the hard pan excavation, on the ground that it was going beyond the plaintiff's claim as made by the bill of particulars ; and I concur with Justice Sutherland, who delivered the opinion of the supreme court, that it was too late for the party, upon the summing up of the cause, to make the objection for the first time that the evidence could not be properly given under the bill of particulars which had been furnished, and in a case where there was no pretence that the defendants had not been apprised in season of the nature and extent of the plaintiff's claim.

The conclusion at which I have arrived in this cause is, that the judgment of the supreme court is not erroneous, and that it should be affirmed.

ALBANY,
Dec. 1835.

Delaware and
Hudson Canal
Company
v.
Dubois.

ALBANY,
Dec. 1835.

Delaware and
HudsonCanal
Company
v.
Dubois.

By Senator TRACY. In this case questions of law and fact are so mingled, that it is not easy to get at distinct legal propositions, such as alone are fit for examination and decision by this court. In tracing the whole course of this controversy, from its commencement to the last judgment of the supreme court, one will scarcely fail of being satisfied that the plaintiffs in error have cause to complain that they have not been protected in their legal rights, and yet there is some difficulty in fixing on the precise point at which they have been manifestly violated.

On examining the original agreement between the parties, I cannot doubt that it was the peculiar design of the company, and the expressed understanding of the contractor Dubois, that every question of controversy which could grow out of the contract, should be definitely settled by the engineer to be appointed by the company to superintend and inspect the work. There was a prospective submission, which it is competent and not uncommon for parties to make ; and though in this case the arbiter was not named, there was such a description of him as rendered the submission as practicable and effectual as if he had been designated by name. It is scarcely necessary to refer to authorities to sustain a position so in accordance with common sense and convenience, as that parties may, as to all such matters, make the law for their own contract ; and that an award in pursuance of such a form of submission is conclusive, although made without the subsequent intervention of the parties, or either of them. The case of the *United States* v. *Robinson,* 9 *Peters,* 327, is full to this point.

The supreme court, however, construes this provision of the contract in a more limited sense, confining the submission to questions of extra work arising from alterations of the line of the canal, and to computations of the quantity of the work for which specific prices is provided. This construction is placed on the ground that " the enumeration of one species of extra work is an exclusion of all others." Assuming, as for this purpose I shall, that the hard pan excavation was extra work, it appears to me that this is not the legal interpretation of the instrument. Its provision is, that the engineer " shall esti-

OF THE STATE OF NEW-YORK.

mate the number of cubic yards of excavation, and the number of cubic yards of embankment, and the value of any extra work that may have been caused by an alteration of the line of the canal, and determine every other question necessary for the adjustment and final settlement of the contract, and his estimate and decision shall be final and conclusive between the parties." Now, though the value of the extra work, caused by an alteration of the line of the canal, is alone expressly named, yet it is followed by the general words, and "determine every other question necessary for the adjustment and final settlement of the contract," which certainly do not operate to restrain, but to enlarge his power. To such a case the rule *expressio unius*, &c. does not apply ; but another rule, as old at least as *Edward Altham's case*, 8 *Coke*, 299, that where a deed contains special words and concludes with general words, the general as well as the special words shall stand. It cannot be denied that the hard pan excavation, whether it be viewed as extra work or not, was work arising out of the contract ; for it seems conceded, that the estimate of the engineer of the quantity of it is conclusive as to that fact, while, if the construction given by the supreme court be correct, he should have nothing more to do with estimating the quantity than fixing the price. But, besides, this hard pan excavation was unquestionably a part of the canal which Dubois agreed to construct ; and consequently, whether he should be compensated for it at the rate provided for excavation generally, or at an extra rate, and at what extra rate, was most evidently a question to be determined in " the adjustment and final settlement of the contract."

But it is claimed that a previous decision of the supreme court in this same suit, 4 *Wendell*, 285, acquiesced in by the parties, established new rights between them in respect to the present subject of controversy, so that if the plaintiff below would have been bound by the decision of the engineer as to the amount and value of this hard pan excavation, that decision has provided for him a different and more liberal rule for his compensation. It is unnecessary to examine how far an interlocutory decision can have such an effect ; for the one in question, as far as I can understand it, does not establish any

ALBANY,
Dec. 1835.

Delaware and
Hudson Canal
Company
v.
Dubois.

ALBANY,
Dec. 1835.

Delaware and
Hudson Canal
Company
v.
Dubois.

such new rule, or propose to vary the rights of the parties in this respect from what they were fixed by their original agreement. The main point of that decision is, that the company, by unreasonably withholding a direction or licence to complete the canal across the highway which interested the line of it, had so far rescinded the contract as to enable the plaintiff to recover in the form of a *quantum meruit;* but so far from reaching the present question, a conclusion of it is plainly guarded against. Justice *Marcy,* who expressed the opinion of the court, says, " Though the special contract was departed from, the parties did not wholly lose sight of it. There is much evidence to show that the plaintiff regarded it as regulating the rate of compensation that he was to recover for his services. The rule applied in the case of *Robson* v. *Godfrey,* 1 *Holt's N. P.* 236, seems to me ought to govern here, with perhaps a little modification. It was there decided, that where work is done under a special contract, at estimated prices, and there is a deviation from the original plan by the consent of the parties, the estimate is not excluded, but it is to be the rule of payment as far as the special contract can be traced, and for the extra work, the party is entitled to his *quantum meruit.* This rule needs no modification, where the work embraced in the contract is performed under circumstances not more disadvantageous than was expected at the time of the estimate. In this case the work was more expensive, by reason that the plaintiff was obliged to perform it late in the season. The additional expense thus incurred ought to be added to the contract price."

It thus is evident that the supreme court did not propose to establish a new rule of compensation in regard to any portion of the work, but merely to provide for the party a mode of obtaining an indemnity for the additional expense he had been put to, by the defendants' delay to authorize him to complete the canal across the highway. Beyond this they must have contemplated that his compensation should be regulated by the terms of the contract. The case, as it came then before the court, did not warrant or receive as broad a decision as was afterwards made in *Koon* v. *Greenman,* 7 *Wendell,* 123 ; for there was nothing to show that the plaintiff had, as in that

ALBANY,
Dec. 1835.

Delaware and
Hudson Canal
Compuny
v.
Dubois.

case abandoned the contract in consequence of its execution being prevented by the other party. Here Dubois was delayed and injured, but the final completion of the proposed work was not prevented, but in fact was accomplished by the party himself, though not as early or as advantageously as was originally expected. Under these circumstances, the additional expense occasioned by the delay, added to the contract price, was the obvious and just rule of compensation. But this does not, that I perceive, at all affect the present questions, which are, 1. Is the rate of compensation for hard-pan excavation fixed by the contract? 2. If it is, was that part of the contract modified by the parties? 3. If the rate of compensation is not specified, does the contract provide the mode of determining it ?

The supreme court, in its opinion under review, assumes that " the contract makes no specific provision for hard pan excavation." This remark is correct, if by it there is only meant that hard pan excavation is not specifically enumerated in the contract, in contradistinction to excavation generally ; and, in this view, it would be equally correct to say that the contract makes no specific provision for sand excavation, gravel excavation, or clay excavation. But if the supreme court means, as the conclusion drawn from the proposition seems to indicate, that hard pan excavation was a description of work which Dubois by the contract was not bound to perform, then the proposition is entirely erroneous. The obligation assumed is in these words : " The said Isaac Dubois doth covenant and agree to construct, in a good, substantial and workmanlike manner, all that part of the Delaware and Hudson canal which is included in section twelve of the line of the canal," &c. ; and afterwards it was specified of what dimensions, form and finish this part of the canal should be constructed, and then follows the covenant on the part of the company for compensation, which was " at the rate of nine cents per cubic yard for excavation, and forty cents per cubic yard for rock in ledge, or fragments measuring one cubic yard, and thirty cents per cubic yard for slope wall, and eleven cents per cubic yard for embankment," &c. By the terms of the contract, then, it is as plain as words can make it, that Du-

ALBANY,
Dec. 1835.

Delaware and
Hudson Canal
Company
v.
Dubois.

bois bound himself to dig and construct the canal of the dimensions proposed, whatever should be the materials he had to excavate. Probably the parties did not contemplate, when they entered into the contract, that so large a part, or any part of the excavation, would prove to be hard pan ; but the risk of what the excavation would prove, was, so far as the contract shows, assumed by the contractor, and in strict law he was bound by it. It is said that a court of chancery would have relieved him from specific performance, on the ground of mistake ; perhaps it would, but this does not affect the question which is now before us. Certainly it would have been inequitable and oppressive for the company to insist on a strict fulfilment, if it were to be attended with a ruinous sacrifice. But as they had the legal right to do so, any modification which they saw fit to make of the terms, by which they would be more advantageous to the contractor, was gratuitous, and though obligatory inasmuch as the contract was executory, is still not to be extended, by implication or inference, beyond the express agreement or understanding of the company. The case admits that there was no express agreement for extra allowance for hard pan excavation, but it was proved by the resident engineer, that in his monthly estimates hard pan was set down as extra work, and allowed for as such, by considering it as embankment, at eleven cents per yard, under the contract, and then adding fourteen cents a yard thereto, so as to make, in the whole, an allowance of twenty-five cents a yard. This extra allowance, it seems, the contractor was aware of while he was prosecuting the work, for it is proved that he at all times objected to its sufficiency. But if it was, as it seems evidently to have been, a gratuitous allowance, that is, an allowance which by strict law the company was not obliged to make, the objection to its insufficiency could have no effect ; it certainly cannot have the effect of entitling the party to recover more in a court of law.

Viewing, then, this extra allowance for hard pan in the favorable light to the contractor, of an authorized modification of the contract by the engineer, it can by no construction be carried further than the engineer agreed to carry it—that is,

to twenty-five cents per yard. But if, contrary to what I think the positive terms of the contract, the hard pan can be considered as not legally embraced within the provided compensation for excavation, the question of what compensation should be allowed for it was certainly one which arose under the contract, and the determination of it was " necessary for the adjustment and final settlement of the contract." To deny this, is to deny that the plaintiff was bound to construct the part of the canal which he contracted to construct, or, in other words, to insist that when he came to the hard pan, he had a right to repudiate the whole contract. This is more than has been claimed at any stage of the controversy, and what it would be absurd to pretend. The consequence is, therefore, that the engineer, by the agreement of the parties, was the arbiter whose determination of the compensation that ought to be given, is " final and conclusive between the parties." He fixed the compensation at twenty-five cents per yard, which he swore to be a just estimate ; and I see no way, in this view of the case more than in the other, by which this allowance can be legally exceeded.

I differ also from the supreme court on the other point— that the bill of particulars furnished by the plaintiff did not limit his right of recovery for the hard pan excavation, to a less amount than was awarded by the referees. Though a bill of particulars need not be as special in its form as a count upon a special contract, yet as the object of it is to give the adverse party a further knowledge of the claims made against him, than can be obtained from the pleading, it is just and proper, when it is furnished, that the party should be bound by it. The charge for hard pan excavation was thus stated in the bill :

    To 12,000 yards of hard pan excavation,   $3600
    To other hard pan,                       3600

On one side it is insisted that the above specification is equivalent to a charge of thirty cents per yard for the hard pan ; while the other insists that it amounts only to a charge of $7200 for an undefined quantity, and that so long as the recovery for hard pan did not exceed the whole sum charged

ALBANY,
Dec. 1835.

Delaware and
Hudson Canal
Company
vs.
Dubois.

ALBANY,
Dec. 1835.

Delaware and
HudsonCanal
Company
v.
Dubois.

for it, there was no departure from the bill, however small a quantity might be proved. The supreme court seems to adopt this latter, and as I think erroneous construction. The price attached to the 12,000 yards certainly means something. The first impression is, that it means to claim thirty cents a yard for each of the 12,000 yards; and probably this was the intention. But this, though the natural, is not the unavoidable construction; for there might be a different value attached to different yards of the hard pan. What, however, must be deemed the utmost limit of liberal interpretation for the plaintiff would be, to allow him to recover the sum charged for 12,000 yards, on proof of a less quantity. The second item of " other hard pan" can be regarded only as designed to cover an excess of quantity which might be proved beyond 12,000 yards. But so long as the quantity which was proved did not exceed that amount, the plaintiff could have no pretension for charging for it a greater sum than he had fixed as the value of 12,000 yards. I have looked at all the cases cited on this point, but find nothing in them to vary the general and long established rule, that a party is limited to the bill of particulars which he has furnished, at least so far as not to be allowed to increase the charge on any of the items it contains; and in this case I find nothing to sustain the intimation of the court that the defendants waived their right of objecting that the plaintiff should not recover a greater price for the hard pan excavation than he had claimed in his bill of particulars; nor any thing to warrant the opinion that the defendants treated the question as open, any further than the proceedings before the referees compelled them to do. The defendants denied that the plaintiff should recover over the price he had charged in his bill, and it was proper for them to give evidence to reduce it below that price, and doing so cannot be deemed waiving their right to restrict the plaintiff's recovery, in every event, to a price not exceeding that charged in his bill. This price, in the most liberal construction for the plaintiff that can be made, was but $3600, while the price allowed by the referees was $6300, giving to the plaintiff a recovery for this one item, a larger sum by $1300 than

the whole damages claimed by his declaration. For all the reasons given, I am for reversing the judgment of the supreme court.

Upon the question being put, *Shall this judgment be reversed ?* the members of the court voted as follows :—

*In the affirmative—Senators* BEARDSLEY, JONES, MACDONALLD, M'DOWELL, TRACY—5.

*In the negative*—The PRESIDENT of the Senate, the CHANCELLOR, and *Senators* ARMSTRONG, BECKWITH, CROPSEY, DOWNING, EDWARDS, FISK, GANSEVOORT, GRIFFIN, HALSEY, LACEY, LANSING, LOOMIS, MAISON, WILLES—16.

Whereupon the judgment of the supreme court was AFFIRMED.