#### OF THE

### STATE OF WASHINGTON,

#### AT THE

# MAY TERM, 1890.

[No. 25.  Decided May 19, 1890.]

### FRANK H. WILKIN AND T. T. WILSON v. THE ELLENSBURGH WATER COMPANY.

#### CONSTRUCTION OF CONTRACT — EXTRA COMPENSATION.

Where a contract for the construction of a ditch provided for the payment of eighteen cents per cubic yard for the removal of earth and gravel between certain points, the fact that plaintiff, in excavating between those points, encountered a large amount of "cement gravel," or hard pan, will not entitle him to recover more than the contract price, on the ground that the removal of cement gravel was not contemplated by the parties to the contract.

*Error to District Court, Kittitas County.*

The facts are fully stated in the opinion.

*Parsons, Cadwell & Bausman,* for plaintiffs in error.

*D. Gaby,* and *Turner, Forster & Turner,* for defendant in error.

The opinion of the court was delivered by

ANDERS, C. J. — At the time of the commencement of this action Frank H. Wilkin and Thomas T. Wilson

(236)

(plaintiffs below) were copartners doing business under the firm name of Wilkin & Wilson, and defendant in error was a corporation duly organized under the laws of the then Territory of Washington. On the 14th day of October, 1886, plaintiffs and defendant entered into the following agreement in writing:

" Know all men by these presents, that the Ellensburgh Water Company has this day let unto F. H. Wilkin and T. T. Wilson a contract to construct certain portions of a ditch for said company as follows: Commencing at station forty-three and running to station seventy-seven; again commencing at station ninety-four and running to station ninety-eight; again commencing at station three hundred and ninety-four and running to station four hundred and forty-eight; again commencing at station one hundred and sixty-six and running to station one hundred and eighty-four; again commencing east of the tunnel and constructing one mile between that and the Nanum Creek; again commencing east of McCausland's place and constructing the ditch to its termination. All ditch above the tunnel to be twelve feet wide on the bottom and fifteen feet wide at the top (or thirty inches above grade) and thirty inches deep; and all east of the tunnel to be eight feet wide on the bottom and eleven feet wide at the top and thirty inches deep; all of the ditch to be built according to the regular surveyed grade. All earth or ground excavated to be placed on the lower side of the ditch, not nearer than one foot from edge of ditch, and all fills on lower side of ditch to be two feet higher than the usual bank, and in no instance is the bank on the lower side of the ditch to be cut down lower than thirty inches above the bottom of the ditch. Work to be commenced on that portion of the ditch above the tunnel immediately and be finished by the first day of June, A. D. 1887, . . . and balance on east to be finished by June 1, 1888.

In consideration of the said F. H. Wilkin and T. T. Wilson performing the agreements and constructing said ditch, as above specified, the said Ellensburgh Water Company agree to pay F. H. Wilkin and T. T. Wilson, or their assigns, sixteen cents per cubic yard of earth or gravel necessarily moved in constructing all of that portion of the

ditch west or above the tunnel specified in the agreement, except that portion between *stations one hundred and sivty-six to one hundred and eighty-four inclusive,* which last amount is to be paid for at the rate of eighteen cents per cubic yard necessarily moved. On that portion of the contract west of the tunnel the company are to make measurements and estimates every thirty days (while the work is being done) and make payments in cash for the work as fast as accepted. That portion of the contract east of the tunnel to be paid for in stock of the company at par at the rate of ten cents per cubic yard of earth and sixteen cents for gravel and rock necessarily moved in constructing said portion of the ditch whenever each contract is completed."

It was conceded, upon the argument, that plaintiff constructed the ditch according to the terms of the contract, and that defendant had paid them on account thereof an amount equal to the contract price as specified. But plaintiffs in error contend that in prosecuting the work they encountered a large amount of "cement gravel" or hard pan, between stations one hundred and sixty-six and one hundred and eighty-four, as well as at a place called the Abbott Ranch, and that "cement gravel" was not contemplated by the parties to the contract or the price to be paid for removing it specified in the agreement, and that, therefore, they are entitled to recover what it was reasonably worth to excavate it regardless of the terms of the contract as to price. We will here state that plaintiffs in error, on the argument, waived all claim to recover extra compensation for work done at points other than between stations one hundred and sixty-six and one hundred and eighty-four inclusive. It appears that at the time plaintiffs entered into the contract with defendant they knew, or might have known, that the work between the stations last mentioned would be more difficult to perform than elsewhere. They must be presumed to have known it, for they asked, and defendant agreed to pay, a higher price for that particular portion than for the remainder. They also knew that one Palme-

tier had previously undertaken the work but had abandoned it. We cannot, therefore, say that excavating "cement gravel" was not contemplated by the parties to the contract, or that plaintiffs are entitled to recover compensation for removing it beyond the price specified. On the contrary, we are of the opinion that the contract price must be the measure of plaintiffs' compensation. Plaintiffs may have made a bad bargain, but, if so, it is their misfortune, and they can be afforded no relief in this action. See 1 Redf. Railways, 417; *Delaware & Hudson Canal Co. v. Dubois,* 15 Wend. 87; *Sherman v. Mayor of New York,* 1 Comst. 316.

Several errors are assigned and relied on by the learned counsel for plaintiffs in error as grounds of reversal of the judgment of the court below, but, as we are clearly of the opinion that the judgment was right, the errors, if any, were without prejudice to plaintiffs.

The judgment of the court below is affirmed.

STILES, SCOTT and HOYT, JJ., concur.

DUNBAR, J., not sitting.