[No. 6870. Decided March 13, 1908.]

A. W. OWEN, *Respondent*, v. O. B. CASEY *et al.*, *Appellants*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—TIME FOR FILING. A statement of facts, not filed within the ninety days prescribed by Bal. Code, § 5062, will be struck out, as the time cannot be extended beyond that period.

AGRICULTURE—LIENS—DEFENSES—PLEADING. In an action to foreclose a lien for labor in clearing land, a counterclaim for damages by reason of failure to complete the work in time for the crop of 1906 is demurrable, when the contract did not require the work to be done within that time.

ARBITRATION AND AWARD—PLEADING—SUFFICIENCY. An affirmative defense of settlement by arbitration is demurrable where it fails to allege any written agreement for arbitration, the filing of any award, or any approval of the same by the court.

AGRICULTURE—LIENS—LEASEHOLD INTEREST. A lien for labor in clearing land attaches against a leasehold estate.

Appeal from a judgment of the superior court for Adams county, Warren, J., entered October 5, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a laborer's lien. Affirmed.

[1]Reported in 94 Pac. 473.

43—48 WASH.

*O. R. Holcomb*, for appellants.

*Lovell & Davis*, for respondent.

CROW, J.—This action was commenced by A. W. Owen against O. B. Casey and P. H. Casey, to foreclose a lien for labor in clearing certain land on which the defendants held a leasehold estate. After denying the allegations of the complaint, the defendants pleaded two affirmative defenses, to which demurrers were sustained. After hearing the evidence, the trial court entered a decree in favor of the plaintiff, from which the defendants have appealed.

The respondent has moved to strike the statement of facts, for the reason that it was not filed and served within ninety days after the entry of the decree, or the entry of the order overruling appellants' motion for a new trial. The record shows that the decree was entered October 1, 1906; that the order overruling the motion for a new trial was entered February 1, 1907, and that the proposed statement of facts was filed and served June 10, 1907. Although a written stipulation in the record purports to extend appellants' time until June 10, 1907, the statement must nevertheless be stricken as, under Bal. Code, § 5062 (P. C. § 788), the time cannot be extended beyond sixty additional days or ninety days in all, either by order of court or stipulation of the parties. *Loos v. Rondema*, 10 Wash. 164, 38 Pac. 1012; *State v. Seaton*, 26 Wash. 305, 66 Pac. 397.

The statement being stricken, the only questions we can consider are the appellants' contentions that the court erred in sustaining the demurrers to the affirmative answers, and that the respondent is not entitled to foreclose a lien on a leasehold estate. By their first affirmative answer the appellants attempted to plead a counterclaim for damages sustained by them by reason of the respondent's failure to complete the work in sufficient time to enable appellants to raise a crop from the land in the year 1906. The contract pleaded neither stipulated nor contemplated that the land was to be ready

for crop in 1906, but shows that the work was to be done within a reasonable time. The alleged damages did not, if sustained, proximately or necessarily result from any act or negligence of the respondent. The only evidence appellants could have introduced under this affirmative answer would have been admissible under their general denials, and we fail to see how any prejudicial error was committed in sustaining the demurrer to the first affirmative defense. By the second affirmative defense the appellants attempted to plead a former settlement and adjudication by arbitration, but failed to allege any written agreement for arbitration, any award filed with the clerk of the superior court, or any approval of the same by the court. The demurrer to this defense was properly sustained. A lien for labor may attach to, and be enforced against, a leasehold estate. *Miles Co. v. Gordon*, 8 Wash. 442, 36 Pac. 265.

The statement of facts being stricken, we cannot review the evidence. The judgment is affirmed.

HADLEY, C. J., MOUNT, and FULLERTON, JJ., concur.