[No. 18370. *En Banc.* February 20, 1925.]

ALEX BESOLOFF, *Appellant,* v. WHATCOM COUNTY, *Respondent.*[1]

COUNTIES (47)—INVALID CONTRACTS—ACCEPTANCE OF BENEFITS—RECOVERY. A county is liable for the reasonable value of services of a contractor on road work, performed under an oral contract which was void because not let to bidders, where it had accepted the work and was using the road.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered October 22, 1923, upon sustaining a demurrer to the complaint, dismissing an action on contract. Reversed.

*Sather & Livesey,* for appellant.

*Edwin Gruber* and *E. D. Kenyon,* for respondent.

[1]Reported in 233 Pac. 284.

MAIN, J.—By this action the plaintiff sought to recover a balance claimed to be due as the result of a road contract. To the amended complaint, which will be referred to as the complaint, a demurrer was interposed and sustained. The plaintiff declined to plead further and elected to stand upon his complaint. A judgment was entered dismissing the action, from which he appeals.

The facts stated in the complaint may be summarized as follows: On June 21, 1922, the appellant and the respondent county entered into a written contract for the improvement of a certain highway in Whatcom county. The board of county commissioners, desiring to make the improvement, called for bids, and all bidders were required to use the form of bid furnished by the county. A printed form was furnished to the appellant in which was set out a number of items, and according to the general stipulations, as they are called, the bidder was required to bid separately upon each item. In the form of bid as printed was one item of loose rock. Through this a pen line had been drawn. There were other items which had been stricken out in like manner. The appellant bid a certain sum for clearing and grubbing, and also a certain sum per cubic yard for the removal of earth. In the general stipulations, loose rock was defined to include, among other things, "hardpan." The contract was awarded to the appellant and he entered upon its performance, and in time discovered that there was a large quanity of hardpan which it would be necessary to remove. He then called this to the attention of the county commissioners. Both he and the commissioners recognized that it was not within the contract, as no bid had been made upon loose rock which included hardpan. After some discussion between the parties, it was orally understood that the appellant should proceed to remove

the hardpan, and after the work was completed, it would be paid for in a satisfactory manner. The appellant proceeded to remove the hardpan. After the work was completed and accepted, the commissioners declined to pay the extra sum which it was worth to remove the hardpan. This action thereafter was brought.

The improvement was made under what is known as the Donohue Road Law. This act (§ 6616, Rem. Comp. Stat.) [P. C. § 6100], requires that all construction of roads under the act shall be performed by contract awarded as provided therein. Section 6617 [P. C. § 6101], requires that such contracts shall be awarded to the lowest and best responsible bidder. The contract for the removal of the hardpan, orally made between the board of county commissioners and the appellant, was therefore void and the question arises as to whether the appellant can recover the reasonable value of the work in question notwithstanding this fact. As already indicated, the appellant did not bid upon the removal of hardpan, and the proposal upon which he was required to submit his bid expressly indicated, by reason of the pen line being drawn through loose rock, that he was not to bid upon that.

In *Criswell v. Directors School Dist. No. 24,* 34 Wash. 420, 75 Pac. 984, the question was whether the plaintiff, who had contracted to build a school house, could recover the reasonable value thereof on *quantum meruit,* notwithstanding the fact that he had been guilty of fraud in securing the contract and that the contract was void. It was there said in sustaining a recovery, that:

" . . . where the contract is not unlawful, and the district has accepted and is using the building, which is in all respects suitable for its purposes, com-

mon honesty requires that it should pay the reasonable value thereof.''

In *Green v. Okanogan County,* 60 Wash. 309, 111 Pac. 226, the question was whether the county was liable for the reasonable value of a bridge which had been erected under a void contract and which the county had accepted and was using. There the statute required that the county commissioners in letting a contract for a bridge should proceed in a certain way. This was not done and, as already said, the contract was void. The liability of the county was sustained for the reasonable value of the bridge. It was there said:

''From the foregoing considerations it necessarily follows that the contract in question was void, and affords no justification for the acts of the board of county commissioners, nor of the other parties to the contract who acted under it. But we cannot follow the appellant's argument to the effect that such persons are jointly and severally liable to return to the county treasurer the money of the county directed to be paid out by the board and received by the persons building the bridge. While this may be the rule in some jurisdictions, this court has adopted the more equitable doctrine of allowing the parties, where the contract if entered into in conformity with the statutes would not have been unlawful, to retain from the moneys received by them a sum equivalent to the reasonable value of the property the county acquires and retains in virtue of the execution of the void contract.''

In *Mallory v. Olympia,* 83 Wash. 499, 145 Pac. 627, recovery was allowed for the reasonable value of the labor and materials furnished in the construction of a sewer, after it had been held in *Mallory v. Olympia,* 75 Wash. 245, 134 Pac. 914, that mandamus would not lie to compel the city to issue and deliver to the contractor local improvement bonds as provided in the contract. In sustaining a recovery for the reasonable

value of the labor and materials that went into the sewer it was said:

"When plaintiffs show that they have furnished materials and labor which the city has put to its uses and has not paid its reasonable value, they have made out a *prima facie* case. Neither does the defense rest in contract, but would go only to the value of the labor and material less the damages and expenditures the city had been put to in adapting that labor and material to its final use. This court has endeavored to hold municipalities to the same standard of right and wrong that the law imposes upon individuals."

Applying the doctrine of those cases to the facts of the present case as stated in the complaint, the appellant is entitled to recover the reasonable value of removing the hardpan. The county has accepted this work and has gotten the benefit of it. It was not within the contemplation of the contract entered into that the appellant should remove the hardpan, as no bid was made upon this.

The respondent cites the case of *Wilkin v. Ellensburgh Water Co.*, 1 Wash. 236, 24 Pac. 460, which it claims to be very much in point as sustaining its position. The difference between that case and this is clear. There recovery was sought for a large amount of cement gravel or hardpan between certain stations in the construction of a ditch. In the contract a larger amount of compensation was fixed for the work between these stations, indicating that it was anticipated that the work there would be more difficult to perform than elsewhere. After the work was completed, additional recovery was sought on account of the amount of cement gravel or hardpan and was denied. It was held that the removing of this cement gravel or hardpan was within the contemplation of the parties to the contract. In the present case, as already stated, the removal of hardpan was not bid upon by the ap-

pellant and it was not within the contemplation of the parties to the contract.

The recent case of *Wade v. Tacoma,* 131 Wash. 245, 230 Pac. 99, is not out of harmony with the views herein expressed.

The judgment will be reversed, and the cause remanded with directions to the superior court to overrule the demurrer.

TOLMAN, C. J., MITCHELL, BRIDGES, MACKINTOSH, HOLCOMB, FULLERTON, and PARKER, JJ., concur.