[No. 19930.   Department Two.   August 16, 1926.]

ALEX BESOLOFF, *Respondent*, v. WHATCOM COUNTY, *Appellant*.[1]

[1] APPEAL (473)—REVIEW—FORMER DECISION AS LAW OF THE CASE. A decision of this court that a contractor was entitled to recover reasonable compensation for extra work, becomes the law of the case and is conclusive on a second appeal.

[2] COUNTIES (47)—INVALID CONTRACT—ACCEPTANCE OF BENEFITS. In a county contractor's suit for extras under an oral agreement for extra compensation, evidence of the oral agreement and of the value of the work is properly admitted, under instructions that there was no valid contract but that plaintiff could recover the reasonable value of the extra work done at the request of the county and accepted by it.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered December 3, 1925, upon the verdict of a jury rendered in favor of the plaintiff in an action on contract.   Affirmed.

*Edwin Gruber* and *E. D. Kenyon,* for appellant.
*Sather & Livesey,* for respondent.

PARKER, J.—The plaintiff Besoloff seeks recovery of compensation from the defendant county for certain road construction work performed by him for the county, measured by the reasonable value of such work; the work having been performed under a contract entered into between him and the county in the manner provided by statute.   A trial upon the merits, in the superior court for that county sitting with a jury, resulted in verdict and judgment awarding to Besoloff recovery in the sum of $2,983, from which the county has appealed to this court.

Besoloff entered into a contract with the county by which he was to grade and remove earth for certain

[1]Reported in 248 Pac. 381.

road construction, at thirty-four cents per cubic yard. This contract did not call for the removal of rock or hardpan. It is plain that, in making the contract, both parties assumed that the construction work would not necessitate the removal of rock or hardpan; bids being made and the contract being awarded to Besoloff accordingly. In the prosecution of the work, Besoloff came upon hardpan, and in order to complete the grading, it became necessary to remove 3,925 yards of hardpan. Under the oral direction of the county engineer, sanctioned by the county commissioners, Besoloff removed that quantity of hardpan, the understanding between them being that he should receive extra, reasonable compensation for so doing. This understanding or agreement being oral, and not made as the result of competitive bids, it was not such a contract for road construction as is provided for by our statutes, Rem. Comp. Stat., §§ 6616-17 [P. C. §§ 6100-01], and, therefore, it was illegal, viewed as a contract.

The jury found that the reasonable value of the removal of the 3,925 yards of hardpan was one dollar ten cents per cubic yard; that is, seventy-six cents more per yard than the contract price for the removal of earth. The work being completed by Besoloff and accepted by the county, he was paid by the county thirty-four cents per cubic yard upon all of the material removed, including the hardpan; the understanding being that acceptance of such payment should be wholly without prejudice to his claimed right to extra compensation for the removal of the hardpan. The parties being thereafter unable to agree touching his claim of extra compensation, this action was commenced, with the result we have noticed.

[1] The law of this case, touching the question of Besoloff's right to receive reasonable compensation for the removal of so much hardpan as was necessary to be

removed, incident to proper completion of the grading, and which was removed by direction of the county engineer and sanction of the county commissioners, was settled in our former decision in this case, reported in 133 Wash. 109, 233 Pac. 284. We there held that Besoloff would be entitled to, reasonable compensation for the removal of hardpan in excess of the contract price for the removal of the earth, if such removal was by direction of the county engineer and sanction of the county commissioners, though such work was not included in the original contract entered into as provided by statute.

Contention is made, and briefly argued in behalf of the county, that the evidence does not support the verdict. That the removal of the hardpan was done by Besoloff, necessary to the proper completion of the grading, under the direction of the county engineer, with the sanction of the county commissioners, to the extent of 3,925 yards, is clearly established by the evidence. It seems to us equally well established by the evidence, that the reasonable value of the removal of the hardpan was at least seventy-six cents more per yard than the contract price for the removal of earth. This, according to our former decision, would entitle Besoloff to compensation as awarded by the jury. We deem it unnecessary to review the evidence touching these questions of fact. We conclude that the evidence amply supports the verdict and judgment.

[2] A number of contentions are made in behalf of the county, which seem to us somewhat involved and not easy to follow. However, they seem to be, in substance, that the trial court erred, to the prejudice of the county, in admitting evidence of the oral understanding had between Besoloff and the county authorities with reference to the removal of hardpan and his

claimed extra compensation therefor. The argument seems to be that, since that understanding, viewed as a contract, was illegal under the statute, the placing of evidence thereof before the jury was prejudicially erroneous. We do not think so, in view of the theory upon which the case was presented to the jury, and the court's instructions to the jury, which were, in substance, that such understanding between Besoloff and the county authorities would not constitute a legal contract under the statute, and that, therefore, recovery could not be had as against the county upon such understanding viewed as a contract; but that recovery could be had by Besoloff against the county for the reasonable value of the removal of the hardpan in excess of the thirty-four cents per yard contract price for the removal of earth, if Besoloff removed the hardpan incident to the proper completion of the grading and by direction of the county engineer, sanctioned by the county commissioners. In other words, the jury was plainly given to understand that Besoloff's recovery could not rest upon any formal contract entered into between him and the county authorities, because there was no such contract in a legal sense, but that he could recover for the reasonable value of his extra work of removing the hardpan, if done by him and accepted by the county under the circumstances we have indicated.

Some other contentions are made in behalf of the county, but they are largely akin to those we have already discussed and, we think, do not need further attention here.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and ASKREN, JJ., concur.