[No. 21739.   Department One.   May 16, 1929.]

GOTTLIEB BROTHERS, INCORPORATED, *Appellant*, v. CUL-
BERTSON'S, *Respondent*.[1]

[1]Reported in 277 Pac. 447.

*Williams & Cornelius,* for appellant.

*Wakefield & Witherspoon (Harry T. Davenport,* of counsel), for respondent.

HOLCOMB, J.—Appellant sued to recover for two bills of goods, one sold in May, 1927, amounting to $760, and the other in July, 1927, amounting to $1,042.50. There was no dispute as to the furnishing of the goods and the value. The controversy is over the question as to whether respondent became liable to payment for the goods.

At the times the goods were sold, Culbertson's conducted a large department store in Spokane. One Filas operated a fur department in this store, having a space of about fifty square feet upon the second floor of the department store building. There was nothing to indicate that it was not a part of the business of Culbertson's. The janitor, telephone, and cash-carrying service were all furnished by respondent. When goods were sold, purchasers were given Culbertson's memoranda. If the sale was for cash, the money was turned into the accounting department of respondent; if, on credit, it was entered on the books of respondent, and respondent had charge of the collection. Respondent decided whether or not credit should be extended.

Filas had purchased from one Sloat, in 1924, the fur business being operated by him in respondent's store, and continued the business under an agreement whereby Filas was to retain, out of the sale price of all goods sold, fifteen per cent; but during a part of the summer of 1927, due to the fact that business had been dull, had retained only seven and one-half per cent of the gross sales.

The $760 sale in May was made to Filas, "c/o Culbertson's." The order for the $1,042.50 bill in July was by letter, at the top of which appeared the name

of Culbertson's, which was typewritten in large letters, and Filas testified that he caused the letter to be sent by the stenographer of respondent, and told her to send it on Culbertson's stationery. The charge on the books of appellant for these goods was made to Culbertson's. They were sent by express to, and received by, Culbertson's, when delivered. At the same time the goods were shipped, appellant wrote a letter, addressed to Culbertson's at Spokane, acknowledging receipt of the order, advising that the goods had been shipped, and making some other statements regarding the increased price to be paid for some of the articles. There was nothing in this letter suggesting that the sale was made to Filas or that credit was being extended to Filas, or to any other than Culbertson's. In due course, Culbertson's received the letter and turned it over to Filas. When the goods were received, they were turned over to Filas. Appellant, upon receiving the second order, saw that the letter was signed by Filas, but understood from that fact and the further fact that the letter was on Culbertson's stationery that he was merely an employee, or officer, of Culbertson's.

The first order of May, 1927, was taken personally by one Brill, a salesman for S. Zivian, who was the western representative of appellant, located in San Francisco. It was dated May 31, 1927, stated that it was "an order for goods sold to A. S. Filas (Culbertson's), Spokane, Washington." These goods were in the personal possession of Brill in Spokane, and were delivered by Brill, in person, to Filas, and undoubtedly the credit was extended to Filas, the word "Culbertson's" after the name of Filas being manifestly placed in the order for the purpose of identifying his location.

The second order stands upon a very different footing than the first, for the reason that it was sent by

mail from Spokane on stationery ostensibly that of respondent, although signed by Filas, and the recipient of the order would be justified in assuming that it was an order from Culbertson's, and that Filas was the responsible officer or employee of Culbertson's having the right to order such goods. At all events, the shipment was made to Culbertson's, the goods were received by Culbertson's, and, so far as appellant was concerned, it knew no one else in the transaction but Culbertson's.

It appears also that, after this last bill of goods had been ordered and received, Filas passed into bankruptcy, appellant filed its claim in bankruptcy against Filas and received dividends from the bankruptcy estate in the sum of $610.80.

The claim which appellant filed against the bankrupt contained the statement that the claim was against, not only the bankrupt, but likewise against Culbertson's, a corporation, due to the fact that those parties were engaged in a joint adventure in the conduct of the business for which the goods were purchased from claimant; that claimant shipped the goods for use in such joint adventure, and that they were received by both the bankrupt and Culbertson's, and appropriated to the use of the bankrupt in the joint adventure.

Appellant bases its principal contentions upon the claim, referred to above, in the bankruptcy proceeding, that Filas and the respondent were joint adventurers in the fur business conducted in the department store of respondent.

The trial court found that there were no facts sustaining a joint adventure, or any kind of a partnership, and that the facts showed only that Filas rented space in the store of respondent, for the sale of furs, for which light, heat and janitor service were furnished by respondent, and, as rent, respondent charged

fifteen per cent of the gross sales of the furs and other merchandise made by Filas.

The above facts were undisputed. These facts create no more than the relation of landlord and tenant between respondent and Filas.

To constitute a joint adventure, there must be more than the mere fact of a share in the profits of the business. There must be other facts tending to show that relation *inter se,* as the intent of the parties; or such facts as to estop denial of it as against third parties. *Griffiths v. Von Herberg,* 99 Wash. 235, 169 Pac. 587. See, also, *Belch v. Big Store Co.,* 46 Wash. 1, 89 Pac. 174; *Miles Co. v. Gordon,* 8 Wash. 442, 36 Pac. 265.

One of the most important tests of a partnership or joint adventure is whether there is a share in losses. *Miles Co. v. Gordon, supra; State ex rel. Ratliffe v. Superior Court,* 108 Wash. 443, 184 Pac. 348.

It is manifest that there was nothing in the relationship shown between Filas and respondent which would constitute them joint adventurers under our cases.

Neither were there any such facts shown as would estop them to deny a joint adventure as against third parties.

That such tenancies, even upon conventional term leases, are not unknown, based upon rentals consisting of a percentage of the gross income, see *Cissna Loan Co. v. Baron,* 149 Wash. 386, 270 Pac. 1022.

We concur with the trial court in its finding and conclusion that there was no partnership or joint adventure between Filas and respondent. The relationship was that of landlord and tenant.

Since the first order of $760 was sold to Filas, and not to Culbertson's, and Culbertson's in no way rendered itself liable therefor, the judgment to that effect against appellant on that account was correct and is affirmed.

■ As to the other order, had respondent promptly disaffirmed the sale, refused delivery of the goods and returned them to appellant, a different situation would exist.

Respondent contends that the second order grew out of the first. We cannot so consider. The second order was as independent and as distinct as an order for, or on behalf of, respondent could well be made. The goods were shipped to, and received by, respondent. Appellant was fully justified, upon receipt of the order for the goods, in charging them to respondent. Respondent did nothing to offset that condition of affairs. It received the goods. Even though it disposed of them only through Filas, of that, appellant had no knowledge. We are therefore convinced that respondent rendered itself liable for the second order of goods.

■ The nature of the claim filed in bankruptcy by appellant does not estop it to press its claim against respondent.

The judgment is therefore modified, and the cause remanded with instructions to enter judgment in favor of appellant against respondent for the amount of the second bill of goods, $1,042.50, with interest from July 25, 1927, at the legal rate, less the amount received as a bankruptcy dividend, proportioned in the amount of the two accounts. Appellant, having recovered a more favorable judgment upon appeal, will recover costs of appeal.

MITCHELL, C. J., TOLMAN, FULLERTON, and BEALS, JJ., concur.