[No. 1819. Decided July 15, 1895.]

A. W. BUDDRESS, *Respondent*, v. JOHN SCHAFER *et ux.*,
*Appellants.*

ASSUMPSIT — EVIDENCE ADMISSIBLE UNDER GENERAL DENIAL — RES
JUDICATA.

In an action to recover for the value of services rendered, the defendants cannot, under mere denial of their value, prove that the services were not rendered, but are confined to proof of the value of the services.

A judgment in a former suit on an express contract is not a bar to a second suit on a *quantum meruit* for the same services, when it takes different evidence to establish the two causes of action.

*Appeal from Superior Court, King County.*

*J. C. Whitlock*, and *Million & Houser*, for appellants.

*A. W. Buddress* (*Metcalfe & Jurey*, and *George H. Jones*, of counsel), for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought by respondent to recover the sum of $500 for services as an attorney and counselor at law in "*prosecuting* and *conducting certain causes* in the superior court of the State of Washington for the county of Island, in which said causes said defendants [appellants] were plaintiffs and Henry Alexander and Kitty Alexander were defendants." Respondent also claims the sum of $50 by way of expenses, costs and disbursements necessarily incurred in the prosecution of said suit. In his complaint it is alleged "that said services were reasonably worth the sum of $500, and that said defendants [appellants] promised and agreed to pay what the same were reasonably worth." The answer of the appellants merely denied that the " services were worth the sum of $500

or any sum whatever," and for an affirmative defense
set up that the matter had been adjudicated in a trial
between the same parties on the same subject matter.
There was a verdict for respondent in the sum of $225,
and from judgment entered thereupon and an order
denying a new trial this appeal has been taken.

Upon the trial appellants offered to show that they
had employed other attorneys to prepare the pleadings
and try the identical causes referred to in respondent's
complaint.  The proof was excluded and this ruling
is assigned as error.  The apparent object of this tes-
timony was to dispute the amount and extent of plain-
tiff's services.  The respondent contended, and the
court below held, that appellants could not under their
answer deny that the services were rendered by re-
spondent and that appellants should be confined to
the question of the value of the services so rendered,
and we think the ruling was correct.  It was the right
of appellants to have demanded a bill of particulars
or to have required a more definite statement, if the
character and extent of the services were indefinitely
set forth in the complaint, but under a mere denial of
the value of the services they were not entitled to
show that the services were not rendered.  *Van Dyke
v. Maguire*, 57 N. Y. 429.

The court committed no error in allowing respond-
ent to testify as to the amount expended by him for
hotel and traveling expenses, nor in limiting the cross-
examination of the witnesses Scott and Coleman, nor
in the instruction given the jury concerning the effect
to be given the testimony upon the subject of the
value of professional services.  We do not think that
the language of the instruction was calculated to mis-
lead the jury, and it is manifest from the verdict that
such could not have been its effect.

Coming now to the question of former adjudication of the matters involved in this controversy, it appears from the record that respondent had instituted a prior suit to recover the sum of $500 as attorney's fees. That action was founded upon an express contract to pay said sum for said services. No other question was litigated therein. The question of the reasonable value of respondent's services, or of respondent's right to recover such reasonable value, was withheld from the consideration of the jury in the trial of that case. Referring to this prior suit, which was relied upon as a bar to respondent's right to recover in this action, the learned counsel for appellants upon the trial of this cause below admitted that no evidence was offered in the former trial to prove what the services were worth, but that the only question submitted for determination was upon respondent's theory of an express contract. We think the law is well settled that a judgment in a former suit on an express contract is not a bar to the second suit on a *quantum meruit* for the same services, and to determine whether a former judgment is a bar to a subsequent action, it is necessary to inquire whether the same evidence would have maintained both of such actions. 1 Freeman, Judgments, § 259; *Kirkpatrick v. McElroy*, 41 N. J. Eq. 539 (7 Atl. 647).

In *Taylor v. Castle*, 42 Cal. 372, the court say:

"The cause of action is said to be the same where the same evidence will support both actions; or, rather, the judgment in the former action will be a bar, provided the evidence necessary to sustain a judgment for the plaintiff in the present action would have authorized a judgment for the plaintiff in the former."

In 2 Black on Judgments, § 726, the learned author says:

" For the purpose of ascertaining the identity of the causes of action, the authorities generally agree in accepting the following test as sufficient: Would the same evidence support and establish both the present and the former cause of action? If so, the former recovery is a bar; if otherwise, it does not stand in the way of the second action."

We have examined the error assigned by appellants in permitting respondent to explain the record of the former trial, but think that no error was committed. If, however, we were constrained to the opposite view, the same result would follow in view of the admissions made by appellants' counsel upon the trial of this case in the court below as to the proceedings occurring upon the trial of the former action which resulted in a judgment for defendants.

No substantial error appearing in the record, the judgment will be affirmed.

ANDERS and DUNBAR, JJ., concur.

HOYT, C. J., and SCOTT, J., dissent.