GEORGE WRIGHT YOUNG, Appellant, *v.* JOHN V. FARWELL, JR., Respondent, Impleaded with Others.

1. RES ADJUDICATA. Where a court has jurisdiction of the parties and of the subject-matter of the controversy, a prior judgment, whether rendered in an action at law or in equity, concludes them upon the material issues and is conclusive as to all facts comprehended within the issues submitted which were relevant and material and which were so related to the issues that their determination was necessarily involved.

2. FORMER JUDGMENT IN ACTION FOR ACCOUNTING, WHEN CONCLUSIVE AGAINST SUBSEQUENT ACTION UPON A QUANTUM MERUIT. A judgment against the plaintiff in an action for an accounting, in which the complaint alleged an agreement by the defendants to give him, "in addition to the same salary that he had theretofore been paid, a certain interest in the profits," to the extent of an equal division thereof, which judgment determined that there was an express contract between the parties that he was to receive a stipulated salary, but that there was no contract to pay compensation beyond that, is conclusive against his right to recover the value of his services in a subsequent action on a *quantum meruit.*

3. NON-APPLICABILITY OF THEORY OF "UNJUST ENRICHMENT." The theory of "unjust enrichment" does not apply to such a case, inasmuch as that depends for its application upon the failure of the plaintiff to prove any contract, or to hold the defendants to a liability for the benefits which they have received under a contract which is invalid at law.

*Young* v. *Farwell*, 30 App. Div. 489, affirmed.

(Argued December 4, 1900; decided January 22, 1901.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 28, 1898, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term, and an order denying a motion for a new trial.

This action was brought to recover the reasonable value of services rendered by the plaintiff to the defendants, a firm engaged in the dry goods business in the city of Chicago, state of Illinois, between June 30, 1889, and January 1, 1890. The respondent, who alone was served, answered that the plaintiff's services were performed under an express contract with defendants and for an agreed compensation, and that full payment in accordance with the contract had been made. It was, further, alleged that, in an action brought by the plaintiff against these defendants in the Circuit Court of Cook county, in the state of Illinois, in chancery, for the same cause of action, a final decree, or judgment, had been duly rendered between the parties in favor of the defendants and against the plaintiff; which judgment had been affirmed, upon appeal, by the Supreme Court of that state, and that the same was a final and conclusive adjudication upon the merits as to the cause of action alleged in this complaint and was a bar to this action. Upon the trial, the evidence showed that, prior to July, 1889, the plaintiff had been for a number of years employed by the defendants, in their silk department, at a fixed annual salary; which, in 1888, was at the rate of $2,250. For the first six months of the year 1889, his salary had been reduced to the rate of $2,000 a year; but on June 21, 1889, certain changes occurred in the department and a conversation was had between the plaintiff and this respondent, J. V. Farwell, Jr., with respect to an increase which the plaintiff requested in his salary, under a threat of resignation by him if not conceded. The plaintiff testified that the respondent then agreed to "reinstate the plaintiff's old salary for the balance of the year" and to divide with him "all the profits that his department made over his past average percentage of profits;" which he said was satisfactory. At the end of the year, the plaintiff left the defendants, because of their refusal to grant him "an increase in his present salary." Subsequently, he brought the equity action in the Illinois court against the defendants; the judgment roll in which the plaintiff introduced in evidence. The bill of complaint in that action alleged

the agreement by the defendants to give complainant "in addition to the same salary that he had heretofore been paid a certain interest in the profits," to the extent of an equal division thereof, and that that agreement was made in order to recompense him for his extra services in lieu of an additional salary which he had demanded. The bill alleged the refusal of the defendants to recognize the plaintiff's claim for one-half of the profits, at the expiration of the period to which the alleged agreement related, and prayed that the defendants be decreed to pay to him what might appear, upon an accounting, to be due, etc. The answer to the bill of complaint denied having promised to give the plaintiff an interest in the profits of the business in his department, in addition to the salary to be paid him, and, specifically, denied "that it was agreed between the said complainant and said J. V. Farwell & Company, at said time, or at any time, that the said complainant should have an interest in the said profits, over and above the past average of the profits therein, which should be an equal division between said complainant and these defendants." The trial of the issues was had before a master in chancery, who reported against the plaintiff's prayer for relief. The master found that the defendant, John V. Farwell, Jr., agreed to give complainant for the last half of the year 1889 a salary at the rate of $2,250 per annum and to divide profits over and above the regular percentage of that department, but he stated, as his conclusion from the evidence, "that said agreement is too indefinite as to the salary for the last half of the year 1889, over and above the specified amount, at the rate of $2,250 per annum, to constitute anything more than a promise of a bonus; and also too indefinite to constitute such an agreement as would constitute a partnership as to profits, and entitle the complainant to an account." Objections were made to the master's report; but, after a hearing before the court, the report was confirmed and the complainant's bill of complaint was dismissed, with costs. Upon appeal to the Supreme Court of Illinois, the judgment in favor of the defendants was affirmed.

At the conclusion of the plaintiff's case below, the complaint was dismissed, upon the ground that the plaintiff had failed to establish a cause of action against the defendants; as, also, upon the ground that the questions had been adjudicated in the other action between the parties. Upon appeal to the Appellate Division, in the first department, the judgment entered in favor of the defendants was affirmed and the plaintiff has further appealed to this court.

*Roger Foster* for appellant. The plaintiff was entitled to recover upon a *quantum meruit* on the theory of "unjust enrichment." (Keener on Law of Quasi Contracts, 19, 20, 24; *Turner* v. *Webster*, 24 Kans. 38; *Tucker* v. *Preston*, 60 Vt. 473; *Kirkpatrick* v. *McElroy*, 41 N. J. Eq. 539; *McElroy* v. *Ludlum*, 32 N. J. Eq. 828; *R. & T.* v. *U. I. R. Co.*, 28 N. Y. 379; *Greene* v. *Bateman*, 2 W. & M. 359; *Mavor* v. *Pyne*, 2 C. & P. 91; *Gray* v. *Hill*, R. & M. 420; *Martin* v. *Smith*, L. R. [9 Exch.] 50; *Whiting* v. *Dugan*, 39 S. W. Rep. 148.) The decision in Illinois was not *res adjudicata* against the maintenance of the present suit. (*Kirkpatrick* v. *McElroy*, 41 N. J. Eq. 539; *McElroy* v. *Ludlum*, 32 N. J. Eq. 828; *Buckingham* v. *Ludlum*, 37 N. J. Eq. 137; *Gall* v. *Gall*, 17 App. Div. 312; *Stokes* v. *Stokes*, 155 N. Y. 581; *Gage* v. *Holmes*, 12 Gray, 428; *Strong* v. *Grant*, 2 Mackey [D. C.], 218, 223; *Cromwell* v. *County of Sac*, 94 U. S. 351, 359; *N. O., M. & C. R. R. Co.* v. *New Orleans*, 14 Fed. Rep. 373.)

*Charles E. Hughes* for respondent. The judgment in Illinois is a conclusive adjudication that the defendants did not agree to pay to the plaintiff any amount in addition to the stipulated salary. (1 Freem. on Judg. [4th ed.] § 248; *Smith* v. *Kernochan*, 7 How. [U. S.] 198; *Strang* v. *Moog*, 72 Ala. 460; *People's Bank* v. *Eberts*, 96 Mich. 396; *W. Savings Bank* v. *Town of Solon*, 136 N. Y. 463; *Blackinton* v. *Blackinton*, 113 Mass. 231; *Parnell* v. *Hahn*, 61 Cal. 131; *Woodhouse* v. *Duncan*, 106 N. Y. 527; *Bigelow* v. *Winsor*, 1 Gray, 299; *Grove* v. *Lyford*, 44 N. H. 525.)

Gray, J. Whatever might be said with respect to the right of the plaintiff to recover upon a *quantum meruit*, when his proof discloses an express contract between himself and the defendants, which provided for a definite salary to be paid, it becomes unnecessary to discuss that question; for the reason that it is our opinion that the judgment of the Illinois court was a conclusive adjudication against the plaintiff's present claim. It adjudged that there was no contract made for a compensation over and above the fixed salary. As the issue was framed in the Illinois suit, the precise question was presented for determination, and was determined, as was presented in this suit. That question was whether a contract had been made, as alleged in the complaint. The decision was, in substance, that there was a contract, by which the defendants agreed to pay for services, which the plaintiff agreed to render, a salary at a fixed annual rate and that there was no contract to pay compensation beyond that. The effect, or the force, of the adjudication, in its bearing upon this litigation, was to establish that there was a contract created between the parties upon the subject of plaintiff's compensation. It makes no difference that the judgment, or decree, set up by way of estoppel, was one rendered in an equitable action for an accounting; provided that the question involved in this common-law action was involved and determined in the equity action. That a decree rendered in a cause, depending between parties in equity, may be a bar to an action at law between them cannot be questioned. It turns upon the scope of the decree. If the same general question furnished the subject-matter of the controversy — if the material issue was the same in each action — the prior decree must be regarded as conclusive, under the authorities. If the court, which rendered the prior judgment between the parties, had jurisdiction of them and of the subject-matter of their controversy, the principle of its finality is unaffected by the nature of the proceedings which led to the rendition of the judgment. The law of estoppel is equally applicable. A prior judgment, whether rendered in an action at law, or in equity,

44

concludes the parties upon the material issues and is conclu-
sive as to all facts comprehended within the issues submitted,
which were relevant and material and which were so related
to the issues that their determination was necessarily involved.
(*Stannard* v. *Hubbell*, 123 N. Y. 520; *W. Sav. Bank* v. *Town
of Solon*, 136 ib. 465; *House* v. *Lockwood*, 137 ib. 259; Freeman
on Judgments, [4th ed.] 248.) Cases where a defendant escapes
liability for services under a contract, because of its illegality,
or because of its failure to provide for compensation, are not
applicable. Of that character are the cases in New Jersey, so
much relied upon by the appellant. (*McElroy* v. *Ludlum*,
32 N. J. Eq. 828; *Buckingham* v. *Ludlum*, 37 ib. 137; *Kirk-
patrick* v. *McElroy*, 41 ib. 539.) These cases grew out of the
same transaction. The plaintiff failed to recover in an action
brought for an accounting as to partnership profits, upon two
grounds; *first*, that a contract, as he had alleged, was not
proved and, *second*, that if it had been, it was invalid under
the Statute of Frauds. But when he subsequently brought an
action to recover for his services rendered to the partnership,
upon *quantum meruit*, the action was held to be maintain-
able. He was held to have had no valid contract with respect
to his compensation, upon one ground or the other, but that, as
he had rendered valuable services which the defendant had
refused to pay for, the invalid contract might be treated as a
nullity and the value of the services recovered in an action on
*quantum meruit*. The distinction between those cases and
the present one is sufficiently obvious; inasmuch as the judg-
ment of the Illinois court has established that there was an
express contract for this plaintiff's compensation, viz.: a salary
at the rate of $2,250 a year. The plaintiff was defeated in
the Illinois courts in his claim that there was any promise of
additional compensation. If, in that action, it had been
decided that there was no valid and enforceable contract at all
for the plaintiff's compensation, the case would have been
similar to the cases in the New Jersey courts, to which our
attention has been called.

The theory of " unjust enrichment," which the appellant's

counsel presses upon us with ability and with some elaborateness of discussion, is not applicable; because this is not a case where there was no contract between the parties providing for the plaintiff's compensation. The theory depends for its application upon the failure of the complainant to prove any contract, or to hold the defendants to a liability for the benefits which they have received under a contract, which is invalid at law. Here there was an express contract that the plaintiff was to receive a stipulated salary and the adjudication in the Illinois action, necessarily, proceeded upon the ground that that was the contract and the only one between the parties.

For these reasons, I think the judgment appealed from should be affirmed, with costs.

Martin, Vann and Werner, JJ., concur; Cullen, J., concurs in result; Parker, Ch. J., and Bartlett, J., dissent.

Judgment affirmed.