[No. 8117. Department One. February 19, 1910.]

T. W. MORTIMER, *Appellant*, v. JOHN L. DIRKS *et al.*,
*Respondents.*[1]

CONTRACTS—BUILDING CONTRACTS — SUBSTANTIAL PERFORMANCE—
BREACH. The rule that substantial compliance with a building con-
tract will entitle the contractor to recover a balance due thereon,
or on quantum meruit, cannot be invoked in behalf of a contractor
who "knowingly and wilfully violated the terms of the contract,"
and was guilty of fraud in "skinning the job."

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE. A new
trial for newly discovered evidence is properly denied where its
materiality must have been known at the trial and the slightest
diligence would have procured it.

NEW TRIAL—ABSENCE OF WITNESS—DILIGENCE. It is not error to
refuse a new trial on account of the absence of a witness where no
continuance was asked, and the same facts could have been shown
by other witnesses.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered November 4, 1908, upon
findings in favor of the defendants, in an action tried before
the court without a jury. Affirmed.

*Berkey & Cowan,* for appellant, contended, among other
things, that the respondents having accepted the benefits of
the contract are liable for the value of the work performed.
*Bush v. Finucane,* 8 Colo. 192, 6 Pac. 514; *Goldsmith v.
Hand,* 26 Ohio St. 101; *Jennings v. Willer* (Tex. Civ. App.),
32 S. W. 24; *Taylor v. Williams,* 6 Wis.* 363; *Draper v.
Randolph & Co.,* 4 Har. (Del.) 454; *Spencer v. Dougherty,*
23 Ill. App. 399; *Downey v. Burke,* 23 Mo. 228; *Adams v.
Hill,* 16 Me. 215; *Adams v. Cosby,* 48 Ind. 153; *Thompson
& Sowers v. Allsman,* 7 Mo. 530; *Dutro v. Walter,* 31 Mo.
516; *Becker v. Hecker,* 9 Ind. 497; *White v. Oliver,* 36 Me.
92. They would be liable for work accepted on an implied

[1]Reported in 107 Pac. 184.

promise to pay therefor. *Arnett v. Evans' Adm'r*, 1 Walk.
(Miss.) 471; *Dermott v. Jones*, 64 U. S. 220; *Merriweather
v. Taylor*, 15 Ala. 735; *Hawkins v. Gilbert & Maddox*, 19
Ala. 54; *English v. Wilson*, 34 Ala. 201; *Demoss v. Noble*,
6 Iowa 530; 6 Cyc. 70; *Hayward v. Leonard*, 7 Pick. 181,
19 Am. Dec. 268.

*Voorhees & Voorhees*, for respondents, contended, *inter
alia*, that substantial compliance does not authorize a re-
covery by a contractor who wilfully violated his contract. 6
Cyc. 87, 88; *Schmidt v. North Yakima*, 12 Wash. 121, 40
Pac. 790; *Dermott v. Jones*, 2 Wall. 1; *Bertrand v. Byrd*,
4 Ark. 187; *Anderson v. Todd*, 8 N. D. 158, 77 N. W. 599;
*Kelly & Bragg. v. Bradford*, 33 Vt. 35; *Hayward v. Leonard*,
7 Pick. 181, 19 Am. Dec. 268; *Criswell v. Directors School
Dist. No. 24*, 34 Wash. 420, 75 Pac. 984; *Gillespie Tool
Co. v. Wilson*, 123 Pa. St. 19, 16 Atl. 36; *Ashley v. Hena-
han*, 56 Ohio St. 559, 47 N. E. 573. Substantial omissions
or defects will be presumed to be intentional. *Elliott v.
Caldwell*, 43 Minn. 357, 45 N. W. 845, 9 L. R. A. 52; *Golden
Gate Lumber Co. v. Sahrbacher*, 105 Cal. 114, 38 Pac. 635;
*Smith v. Brady*, 17 N. Y. 173, 72 Am. Dec. 442.

MORRIS, J.—Appellant brought this action to recover
$793.69, claimed to be due upon a contract for the erection
of a house for the respondents. Of the amount claimed,
$679.31 was alleged to be due under the contract, and the
balance was for extras. Respondents answered, denying any
liability under the contract or for the extras, and counter-
claimed, demanding damages in the sum of $771.03 for al-
leged breaches of the contract and damages consequential to
the breach. Upon a reply being filed, trial was had upon
these issues, wherein the court found appellant had intention-
ally violated the terms of the contract in certain of its stipula-
tions, and denied him a recovery. The court also found that
respondents had failed to sustain the allegations of their
counterclaims, and entered its judgment of dismissal both as

to the complaint and counterclaims, and plaintiff has appealed. No statement of facts has been sent up, and the case is here only upon the pleadings, findings of fact, conclusions of law, and judgment. The only question then before us is, do the pleadings and findings of fact sustain the conclusions of law and judgment.

The chief contention of appellant is that, respondents having accepted the benefits and fruits of the contract in that they sold the house for $3,500, which, under the contract, was the price fixed at which the house when completed should be sold, and out of the proceeds of such sale the amount remaining due upon the contract to be paid, and the court having found that respondents were not damaged under their counterclaims, the appellant was entitled to recover. This contention cannot be sustained under the findings. It is true, as asserted by appellant, and under which theory he bases his right of recovery, that it is a modern rule that substantial compliance with a building contract is all that is required, and that where the contractor has in good faith and honestly sought to comply with its terms, but has failed in some minor respects, his right of recovery cannot be defeated under the contract, but will be offset by the amount required to complete the contract. Some of the cases holding that substantial compliance only is required hold that the action is properly brought upon the contract and the amount due thereon is subject to deductions for damages arising from improper performance; while others hold that the contractor is entitled to recover upon a *quantum meruit*. But whatever be the rule of recovery, the reason for it is that a contractor, acting in good faith and with a determination to do what he has contracted to do, should not suffer if he has, unintentionally and without any negligence in some small matter, departed from the strict terms and detail of his specifications.

The rule is for the benefit of the honest, skillful and prudent contractor, who faithfully endeavors to live up to the terms

of his agreement but through mistake or inadvertence fails in unimportant particulars. *Smith v. Gugerty*, 4 Barb. 614; *Anderson v. Todd*, 8 N. D. 158, 77 N. W. 599; *Windham v. Independent Telephone Co.*, 35 Wash. 166, 76 Pac. 936. But such a rule, being founded in equity, is for the benefit of those who do equity, and it cannot be invoked by those who wilfully and intentionally violate and breach their contracts.

"The equitable doctrine of substantial performance is intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contract in all material and substantial particulars, so that their right to compensation may not be forfeited by reason of mere technical, inadvertent, and unimportant omissions or defects. It is incumbent upon him who invokes its protection to present a case in which there has been no wilful omission or departure from the terms of his contract." *Gillespie Tool Co. v. Wilson*, 123 Pa. St. 19, 16 Atl. 36.

The appellant, according to the findings of fact, "knowingly and intentionally violated the terms of his contract." No statement of facts being before us, we must accept such a finding with all its probative force. In addition, the court finds that prior to commencing the work the appellant stated that he intended "to skin the job so as to make some money." With such a situation before us, we cannot invoke any equitable rule for appellant's protection. As against the respondents, he is guilty of a fraud, and he cannot recover in this or any other form of action.

The case is analogous to *Schmidt v. North Yakima*, 12 Wash. 121, 40 Pac. 790, where it was held that a contractor who wilfully and intentionally refuses to comply with the terms of his contract is not entitled to recover; and the same rule must be applied here. Appellant, having broken his contract, could not make it the basis of any relief. He could not restore life to that which by his own act had become dead.

There was no error in the refusal of the new trial. The evidence submitted in the affidavits could all have been supplied at the trial with any diligence on the part of appellant. If the question of whether there was any difference between "curly fir" and "slashed grain fir," was material after the trial, it was material at the trial, and should have been produced there and then, and we apprehend that, with the number of lumber dealers and contractors in Spokane, the slightest diligence could have furnished the testimony. As to the testimony of Mr. Stern, if in the judgment of appellant his testimony would have availed him, he should have applied for a continuance until Mr. Stern's return to the city. Not, so far as the record goes, having done so or made any effort to obtain it, he cannot take advantage of his own neglect and demand a new trial, as a matter of right, in order to then produce such testimony. At all events, the same fact could have been proved by the persons to whom it is said the tender was made, and there is nothing in the record to show their inability to so testify.

The judgment is therefore affirmed.

RUDKIN, C. J., GOSE, and CHADWICK, JJ., concur.

FULLERTON, J., dissents.