[No. 11179.  Department Two.  September 5, 1913.]

HENRY MALLORY, *Appellant,* v. THE CITY OF OLYMPIA *et al.,* *Respondents.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—CONTRACTS — PERFORMANCE OR BREACH. A contractor on public work who refuses to follow the directions of the city engineer in the matter of fastening a sewer box to its foundations, which the contract provided should be as directed by the city engineer whose decision was made final, cannot recover payments to be made upon completion of the contract, where, by reason of his failure to perform, the city was put to great expense in remedying the defect.

SAME—CERTIFICATE OF ENGINEER. In the absence of fraud, arbitrariness, or mistake, the decision of the city engineer is final, where the contract provides that the dispute is to be finally determined by him.

SAME—CONTRACTS—PERFORMANCE—ESTOPPEL. A city is not estopped from objecting to defective work which the city engineer observed during the progress of the work, where he at all times objected to the same, or where the contractor knowingly and wilfully violated his contract.

SAME—CONTRACTS—PERFORMANCE—FRAUD—EVIDENCE. Upon an issue of wilful fraud on the part of a contractor in refusing to per-

[1] Reported in 134 Pac. 914.

form his contract, it is admissible to prove that he offered money to the city engineer to secure an alteration of the plans that would materially lessen the cost of construction.

Appeal from a judgment of the superior court for Thurston county, McMaster, J., entered October 4, 1912, dismissing an action for equitable relief, after a trial on the merits to the court. Affirmed.

*Thos. M. Vance* and *Harry L. Parr*, for appellant.

*Chas. Ethelbert Claypool* (*Frank C. Owings*, of counsel), for respondents.

MORRIS, J.—Appellant entered into a contract with the respondent city to build a box sewer, the greater portion of which was to be constructed in the district locally known as the Swantown slough. Work was commenced in July, 1910, and in May, 1911, appellant brought this action, alleging the completion of the work and the refusal of the city to pay him therefor, and prayed for a writ of mandamus requiring the city, through its proper officials, to compensate him or to issue and deliver to him the local improvement bonds provided for in the contract and by ordinance as the method of payment for the sewer construction. The city resisted the writ upon the ground that appellant had wilfully and fraudulently refused and neglected to comply with his contract in certain particulars, and had abandoned the same before its completion. Other matters to the discredit of appellant were set forth in the answer. The matter coming on to be heard, the appellant was denied any relief; the court not making findings, but sustaining the contention of the city in a memorandum decision in which it was said:

"The writ will not issue. The question comes so clearly within the rules laid down in *Schmidt v. North Yakima* that no discussion of it is necessary. The city engineer, instead of arbitrarily, capriciously or fraudulently refusing to certify the completion of the work, seems to have been well justified in withholding the certificate demanded by plaintiff."

This decision, while not made as a finding, is in the nature of a finding of fact and conclusion of law upon the issues submitted to the lower court, and will be here treated as such.

It is clear that the sewer was not properly built, and that the city in remedying the defect was put to an expense of many thousands of dollars; and without reciting the evidence, it is equally clear that there is ample testimony to sustain the lower court in finding that the failure was due to the neglect of appellant, in refusing to follow out the directions of the city engineer in properly fastening the box to its foundation, in order to prevent its horizontal and vertical disalignment at the time of the filling of the low lands of the district with silt and material pumped in from the bay, which work was progressing at the same time. It is established that the city engineer, while not specifying in the plans any particular method of fastening the sewer box to its foundation, gave appellant an option to use one of three methods, and that he refused to employ any one of these three methods, but persisted, notwithstanding the repeated objections of the engineer and his assistants, in using a plan of his own which subsequent events have proved insufficient and useless. It is clearly provided in the contract that, when not shown on the plans, the method of fastening was to be as directed by the city engineer. It is also provided that the decision of the city engineer shall be final and conclusive in the matter of disputes, estimates, and work. When, therefore, the appellant persisted in following his own plan and ignoring that of the city engineer, he in law wilfully and fraudulently violated his contract, and cannot make it the basis for now insisting that the city make him the payments specified to be paid him upon the completion of the contract. *Schmidt v. North Yakima,* 12 Wash. 121, 40 Pac. 790; *Mortimer v. Dirks,* 57 Wash. 402, 107 Pac. 184. Many other authorities might be cited sustaining these cases, but the rule is so well recognized that it will not be necessary to go outside of our own state for supporting authority.

There is hardly any dissent from another rule here applicable, that, where disputes, estimates, and final certificates are to be finally determined by the engineer in charge of the work, his decision is final, in the absence of fraud, collusion, mistake, caprice, arbitrariness, or other like invalidating feature. There is, as said by the lower court in its decision, nothing here shown to indicate that the engineer in charge of this work was influenced by any of these motives in refusing his certificate.

Appellant contends that his case falls within the rule of *City Street Imp. Co. v. Marysville,* 155 Cal. 419, 101 Pac. 308, 23 L. R. A. (N. S.) 317, and cases there cited, holding that, where it is the intention of the contract that work shall be inspected as it progresses, and unsatisfactory material, labor, and defects rejected at once, and the person or municipality having the work done has a representative upon the ground to see that the contract is complied with in these respects, defects which are observed are waived, in the absence of fraud on the part of the contractor. If this rule should be recognized, it cannot apply to this case, for two reasons: (1) The city, through its proper officials, at all times strenuously objected to the methods employed by the appellant and repeatedly called attention to the fact that he was using an insufficient plan to fasten the sewer box to its foundation; (2) the rule applies only in the absence of fraud upon the part of the contractor; and to knowingly, wilfully, and persistently violate his contract and to refuse to follow a plan given by the city engineer establishes fraud on the part of the contractor. There is here no element of estoppel which is the basis of the above rule. Appellant was not permitted to proceed under the belief that his work was satisfactory and would be accepted. The city engineer on numerous occasions objected to the use of improper material and methods in the construction work, and in ordering changes informed appellant that, unless he followed the plans and specifications given him, his work would not be accepted.

Complaint is also made that it was error to admit testimony to the effect that appellant offered certain sums of money to the city engineer and his assistants if they would alter the plans in such a way as to materially lessen the cost of construction. This evidence was competent upon the issue of wilful fraud raised by the city. Under this issue, it was permissible to show appellant's attitude toward his contract and his good faith in attempting to comply with it.

There are other matters referred to in the briefs and upon the argument, but what we have said is sufficient to establish the ruling of the lower court, and the judgment is affirmed.

FULLERTON, ELLIS, and MAIN, JJ., concur.