[No. 12938.   Department Two.   November 17, 1915.]

HENRY MALLORY et al., Respondents, v. THE CITY OF
OLYMPIA, Appellant.[1]

MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — PAYMENT OF
CLAIMS—ASSESSMENT FUND—PRORATING CLAIMS. Where a contract-
or upon a local improvement defaulted, but recovered judgment
against the city upon a quantum meruit for the value of his services
and the materials used by the city in completing the work, the city
cannot prefer itself for advances by taking cash on hand and the
first of the series of bonds issued, payable in the order of their is-
suance out of the local improvement fund, which was probably in-
sufficient to pay all the claims; but must pay claims pro rata out of
funds on hand and issue bonds alternately to the different claimants
including the city, so that all may stand upon an equality.

INTEREST—LIQUIDATED CLAIMS—STIPULATION. Where, in an ac-
tion upon an unliquidated demand against the city, the city stipu-
lated for judgment in a certain sum, the demand becomes liquidated
and bears interest from the date of the stipulation.

Appeal from a judgment of the superior court for Thurs-
ton county, D. F. Wright, J., entered July 13, 1915, in
favor of the plaintiffs, in an action for injunctive relief, tried
to the court.   Affirmed.

George R. Bigelow, for appellant.

Troy & Sturdevant and Thos. M. Vance, for respondents.

MOUNT, J.—This action was brought by the respondents
to recover the reasonable value for labor and materials fur-
nished in the construction of an improvement in the city of
Olympia.   This improvement was a local improvement, and
the cost thereof was to be assessed to the property benefited.
When the case was here before, we held that the plaintiffs
were entitled to recover upon a quantum meruit.   See Mallory
v. Olympia, 83 Wash. 499, 145 Pac. 627.   We remanded the
cause at that time "with instructions to take testimony as to
the reasonable value of the labor and material, subject to all

[1]Reported in 152 Pac. 996.

lawful offsets, so that an assessment can be made against the improvement district according to benefits to pay the amount due." When the case went back to the superior court, the parties entered into a stipulation to the effect that the plaintiffs should recover the sum of $12,750. The question of interest was not stipulated, but was left to the decision of the trial court. While the case was pending, an assessment roll was made up by the city, and thereafter about $6,000 in cash was paid into the improvement fund. The city thereupon gave notice to the effect that it intended to pay out of this sum $2,000 to the Puget Sound Bridge & Dredging Company, $750 to the respondents, and the balance was to be paid into the fund upon the work. The city also gave notice of an intention to issue bonds to the creditors, numbering from 1 to 213 inclusive, for $100 each; that the city proposed to take the first of these bonds and deliver the last thereof in satisfaction of the plaintiffs' demand. Thereupon a restraining order was procured from the court, restraining the city from carrying out that action. The case thereafter came on for trial, and the court entered a judgment for $12,750 in favor of the plaintiffs, with interest from the time of the stipulation, and ordered the city to pay the claims pro rata out of the cash on hand in the improvement fund and to issue improvement bonds alternately from the beginning of the series to the end for the balance due, to the different persons who had claims against the district, so that each claimant, including the city, would stand upon an equality. The city has appealed from this judgment.

Two contentions are made by the appellant to the effect, first, that the restraining order issued by the court was erroneous; and second, that the court erroneously allowed interest from the date of the stipulation.

It appears from the record that the last of the improvement bonds may not be paid, and it is practically conceded that some of the last numbered bonds, which are payable in the order of their issue, will likely never be paid. It is

argued by the appellant that, inasmuch as the city is a
trustee for doing the work, and has advanced money from the
general fund with which to carry on the work, that there-
fore the city has a preference over other creditors, and should
be allowed to pay itself first out of the moneys which come
into the fund. And it is argued that, because the plaintiffs
did not comply with the contract which they previously had,
they are in no position to ask for the fund to be distributed
ratably to the creditors. This court, upon the other appeal,
held that these plaintiffs were entitled to recover upon a
*quantum meruit*, and the cause was remanded as above stated,
authorizing a recovery upon a *quantum meruit* for work done
and materials furnished. This rule established the law of the
case, and placed the respondents in the same position as other
creditors of the district, and upon the same footing. We see
no good reason, therefore, for permitting the city to prefer
itself to other creditors. The city necessarily occupies the
same position as any other creditor who has furnished money
or labor or materials in making the improvement. It seems
to us just that all creditors should share in all the proceeds
equally and ratably. This is in substance what the court
ordered the city to do.

The appellant next argues that the court erred in allowing
interest from the date of the stipulation fixing the amount
which was agreed to be due to the respondents. The case of
*Wright v. Tacoma*, 87 Wash. 334, 151 Pac. 837, is ap-
parently relied upon. It is true in that case we said:

"The general rule is that interest will not be allowed upon
unliquidated demands prior to the time when such demands
are merged in the judgment."

That was a case where the demands were unliquidated and
were not determined until the entry of the judgment. In this
case the demands of the plaintiffs were stipulated prior to
the judgment. In other words, prior to the time of the judg-
ment, the demand became a liquidated and agreed demand,

and, we think, clearly bears interest from the time it was agreed upon. *Parks v. Elmore*, 59 Wash. 584, 110 Pac. 381. Clearly, the claim in this case became a liquidated and agreed claim at the time of the stipulation, and the respondents are entitled to recover interest from that date.

We find no error, and the judgment is therefore affirmed.

MAIN, HOLCOMB, and PARKER, JJ., concur.