JOHNSON *v.* COAL BLUFF MINING COMPANY.

[No. 14,123. Filed November 27, 1931.]

*Chester Y. Kelly* and *Miller & Causey,* for appellant.
*Frank S. Rawley, Rawley, Baumunk & Fisher* and *Barton S. Aikman,* for appellee.

LOCKYEAR, J.—The appellant, James Johnson, brought this action against the appellee, Coal Bluff Mining Company, for the value of services rendered by him as general superintendent of the appellee's mines for a period of years commencing June 3, 1911, and continuing up to November 15, 1915, which, the appellant claims, was

reasonably worth the sum of $500 per month, making a total amount due of $22,675, for which he prayed judgment.

The appellee filed a first paragraph of answer in general denial, the second a plea of payment, the third the statute of limitations, fourth a general plea of former adjudication, and the fifth paragraph of answer pleads former adjudication and estoppel, setting out in detail all of the facts concerning a certain action filed by the appellant herein on November 22, 1917, in the superior court of Vigo County, wherein the appellant herein alleged in the former action that, in December, 1887, the appellant and the appellee herein entered into a contract whereby the appellant should receive for his services a monthly salary, the amount of which was to be fixed from time to time during the appellant's employment and, in addition to said salary, he was to receive from the appellee herein traveling expenses, and the appellee should furnish the appellant a dwelling house, coal for domestic purposes, and the appellant should be given a discount on all supplies of merchandise purchased from appellee's store, operated in connection with the appellee's mines and, as a further compensation of the appellant for his services rendered under said contract, he, the appellant, should receive one-seventh of the net profits growing out of the business of the appellee and subsidiary companies organized by the appellee. He alleged one-seventh of the net profits during the time that he was employed to be $300,000.

The appellant also alleges in said complaint that he has received all of said consideration of said contract excepting the one-seventh of the net profits as set out above and demanded judgment for $300,000.

Said amended fifth paragraph of answer sets out the finding of facts and conclusions of law of the court trying the said former action which was had in the Clay

Circuit Court in the September term, 1918. One of the facts found by said court was, in substance, to the effect that the contract was made by and between the appellant and the appellee as alleged in his complaint in said former adjudication, but the court entered conclusions of law on the facts found, that the appellant should recover nothing in that cause of action. No appeal was taken from the judgment rendered in said action. The appellant filed a demurrer to this fifth amended paragraph of answer, which was overruled, and proper exception to said ruling was taken.

This case was tried before a jury, which returned a verdict for the appellee under a peremptory instruction from the court.

The appellant assigns as error in this case: (1) That the court erred in overruling appellant's demurrer to the appellee's fifth paragraph of answer; (2) the court erred in overruling the appellant's motion for a new trial, in which motion it is alleged that the court erred in sustaining the appellee's motion that the court peremptorily instruct the jury to find for the defendant; (3) the verdict of the jury is not sustained by sufficient evidence; (4) the verdict of the jury is contrary to law.

At the trial, when all of the evidence was introduced, on motion of the appellee herein, the court in this case instructed the jury to return a verdict for the appellee, to which ruling of the court, the appellant duly excepted.

We find the law to be that a party may pursue his right of action upon an express contract, and if he fails to prove that there was a contract, he may in another suit pursue his right of action on the *quantum meruit.* *Rossman* v. *Tilleny* (1900), 80 Minn. 160, 83 N. W. 42, 81 Am. St. 247; *Fritsch Foundry & Machine Co.* v. *Goodman Mfg. Co.* (1903), 100 Mo. App. 414, 74 S W. 136; *Henrietta Nat. Bank* v.

*Barrett* (1894), 25 S. W. (Tex. Civ. App.) 456; *Kirkpatrick* v. *McElroy* (1886), 41 N. J. Eq. 539, 7 Atl. 647; *Marsh* v. *Masterton* (1886), 101 N. Y. 401, 5 N. E. 59; *Buddress* v. *Schafer* (1895), 12 Wash. 310, 41 Pac. 43; *City of Davenport* v. *Allen* (1903), 120 Fed. 172; *Water, Light and Gas Co.* v. *City of Hutchinson* (1908), 160 Fed. 41, 19 L. R. A. (N. S.) 219; *Fuller-Warren Co.* v. *Harter* (1901), 110 Wis. 80, 85 N. W. 698, 53 L. R. A. 603, 84 Am. St. 867.

In the original action, the appellant went to judgment upon an alleged contract, and the court found for him that said contract existed, but found that there was nothing due under it for a number of reasons, so all his rights under the employment covered the same time of employment sued upon in this action and this action was for the same services sued on in a former action.

Our attention is called to the case of *Young* v. *Farwell* (1893), 146 Ill. 466, 34 N. E. 373. In that case Young brought suit against Farwell in the county of Cook, State of Illinois, for an accounting under an alleged verbal contract by virtue of which he claimed he was to act as manager of the department of silks and velvets in Farwell's wholesale establishment in the city of Chicago for a period of six months from July 1, 1889, to January 1, 1890, for a fixed salary of $2,250 per annum for six months, and, in addition thereto, under certain conditions, an interest in the profits of the department in which he was employed to manage. The Supreme Court of Illinois, in that case, at pages 471 and 472, says: "We are satisfied from the evidence, after giving due weight to all of it, that appellees agreed to give appellant something in addition to his salary of $2,250 per annum, but what amount was to be paid, or under what terms and conditions complainant was to receive any sum over and above his fixed salary, is left in such doubt and uncertainty that it is impossible to

say, from the evidence in this record, that the minds of the parties ever met upon any definite proposition, and if the minds of the parties never met upon some definite proposition, under which the complainant was to secure a part of the profits, we do not understand upon what principle he can maintain a bill for an accounting. It is the plain duty of courts to enforce contracts made by parties when the terms and conditions of the contract are established by evidence, but courts cannot make contracts for parties and then enforce such contracts. Here it devolved upon complainant to allege in his bill a contract, and establish that contract by evidence. This he has failed to do. We think the decree of the circuit court was correct, and the judgment of the Appellate Court will be affirmed." After the Illinois court had decided the case against Young, Young filed suit against Farwell in the State of New York on the *quantum meruit* to recover the reasonable value of his services rendered to Farwell. See *Young* v. *Farwell* (1901), 165 N. Y. 341, 59 N. E. 143. To this action filed by Young against Farwell in the State of New York, Farwell filed an answer alleging that the services rendered by Young were performed under an express contract and for an agreed compensation and that full payment had been made in accordance with the contract. Farwell filed a second paragraph of answer alleging that in an action brought by Young against Farwell in the circuit court of Cook County, in the State of Illinois, for the same cause of action, a final decree or judgment had been duly rendered between the parties in favor of Farwell against Young, which judgment had been affirmed upon appeal by the Supreme Court of Illinois and that the same was a final adjudication upon the merits of the cause of action alleged in Young's complaint and was a bar to this action. The court of ap-

peals of New York held that the decision of the Illinois court was final and conclusive and forever barred Young from a recovery for a reasonable value of his services. The court of appeals of New York says in this case, *Young* v. *Farwell, supra*, at p. 345: "A prior judgment, whether rendered in an action at law, or in equity, concludes the parties upon the material issues and is conclusive as to all facts comprehended within the issues submitted, which were relevant and material and which were so related to the issues that their determination was necessarily involved."

We hold that the court properly overruled the appellant's demurrer to the appellee's fifth paragraph of answer. We also find that the evidence, without contradiction, supports the said fifth paragraph of answer, and the court committed no error in instructing the jury to find for the appellee.

The appellee in this case presents a number of objections to the appellant's brief showing that the appellant's brief did not comply with the rules of this court in at least three particulars, any one of which would be ground for an affirmance of this case. Having come to the conclusion that there is no merit in the appellant's cause of action for the reason that all the matters complained of have been duly adjudicated in the former action, we need not pass upon any other errors pointed out in appellant's brief.

Judgment is affirmed.

Bridwell, C. J., not participating.